IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| DAVID CROFT, et al., | }<br>} |
| Plaintiffs, | }<br>} |
| v. | } CIVIL ACTION NO.<br>} 02-AR-0370-M |
| METROPOLITAN LIFE INSURANCE COMPANY, | }<br>}<br>} |
| Defendant. | } |

**FILED**
02 MAR 26 PH 1:08
U.S. ...
N.D. ...

**ENTERED**
MAR 26 2002

## MEMORANDUM OPINION

The court has for consideration a motion filed by defendant, Metropolitan Life Insurance Company ("MetLife"), seeking a transfer of the above-entitled case to the Southern District of New York. The suit was brought in the Northern District of Alabama by David Croft and Jeanette Rogers Croft ("the Crofts"), who are residents of the Northern District of Alabama. MetLife admittedly does business in the Northern District of Alabama and is easily within the reach of Alabama's long-arm statute. The Crofts charge race discrimination under 42 U.S.C. §1981 and fraud by MetLife in regard to insurance premium differentials allegedly based on race. After MetLife filed its motion, the Crofts purported to amend their complaint to add several plaintiffs who have similar claims.

An existing plaintiff cannot add other plaintiffs, no matter how similar their claims may be, with or without leave of court, even though a formal answer has not been filed. Rule 24, F.R.Civ.P., establishes the procedure by which, and the

13

circumstances in which, persons with claims identical to, or similar to, the claims in a pending case can themselves become plaintiffs in that case. The "would be" new plaintiffs in this case have neither invoked nor met the standards of Rule 24, so that the Crofts' purported amended complaint will be disallowed.

A more serious question inheres in MetLife's motion to transfer. MetLife makes a half-hearted *forum non conveniens* argument. It predominantly relies on what it calls the "first filed rule," arguing that in the names of judicial economy and fairness to a beleaguered defendant, the court to which the essential controversy was first presented is the court into which the controversy, in all of its various local manifestations, should be gathered up for a central and coherent resolution. The concept has a certain attractiveness.

If the first-filed case now pending in the Southern District of New York, and the similar cases from other jurisdictions that have been previously transferred to that court, had precipitated a reference to a multi-district panel and/or if the Southern District of New York had certified a class to which the Crofts belong, the argument for a transfer to the Southern District of New York would be a more compelling one. As it is, this case is just another case that has arisen out of transactions that took place in the Northern District of Alabama, that involve parties over whom this court has *in personam* jurisdiction, and that involve a controversy within subject matter jurisdiction of this court. Circumstances may

change, but under current circumstances, this court finds no basis for a transfer. Alabama residents' choice of a forum must prevail, when to send them to New York would inconvenience them far more than MetLife will be inconvenienced by having to defend in Alabama. MetLife's motion for transfer will be denied by separate order.

DONE this 26th day of March, 2002.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE